United States Court of Appeals
Fifth Circuit

**F I L E D**

August 5, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 04-60942

(Summary Calendar)

_____

CLAUDE COLLUM; JOSEPH EVANS,

Plaintiffs - Appellants,

versus

YAZOO COUNTY MISSISSIPPI,

Defendant - Appellee.

Appeal from the United States District Court
For the Southern District of Mississippi
USDC No. 5:02-CV-507-BrSu

Before GARZA, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Claude Collum and Joseph Evans appeal a jury verdict in favor of Yazoo County, Mississippi

("County") on their claims that the County's termination of their employment violated their First

---

[*]        Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Amendment right to free speech, constituted wrongful termination, and violated the Mississippi whistleblower statute, MISS. CODE ANN. §§ 25-9-171 to 25-9-177. The district court denied Collum and Evans' motion for judgment as a matter of law ("JMOL") and motion for a new trial.

Collum and Evans were both employed by the County. They contend that they were terminated in retaliation for providing state auditors with damaging information relating to an election fraud investigation against their supervisor, Cobie Collins, and their refusal to cooperate with Collins when he asked them what they had told the investigators. Collum and Evans argue that the jury verdict was against the great weight of the evidence and therefore the district court's order denying their motion for JMOL should be reversed and judgment rendered in their favor, or in the alternative, a new trial should be ordered.

First, to the extent Collum and Evans appeal the district court's denial of their JMOL, we affirm its holding. As the district court noted, Collum and Evans failed to move for JMOL during trial as required before filing a renewed post-verdict JMOL. FED. R. CIV. P. 50(a); *see United States ex rel. Wallace v. Flintco Inc.*, 143 F.3d 955, 961 (5th Cir. 1998). Therefore, the district court properly denied their motion for JMOL.

Next, we must affirm the district court's denial of a new trial unless Collum and Evans "make[] a clear showing of an absolute absence of evidence to support the jury's verdict, thus indicating that the trial court abused its discretion in refusing to find the jury's verdict contrary to the great weight of the evidence." *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 269 (5th Cir. 1998) (citations and quotations omitted). Collum and Evans concede that the evidence at trial was disputed, including the reason for their termination. The County presented evidence that Collum and Evans were not terminated in violation of their First Amendment rights or because they were

whistleblowers, but because of their improper conduct)) Evans' multiple rules violations and Collum's hostile confrontation with a supervisor. We must accept a jury's decision "if the record contains competent and substantial evidence fairly tending to support the verdict . . . even if different inferences and conclusions also might be supported by the evidence." *Turnage v. Gen. Electric Co.*, 953 F.2d 206, 212 (5th Cir. 1992) (citations and quotations omitted). The district court properly denied Collum and Evans' motion for a new trial.

Collum and Evans also contend that the district court improperly instructed the jury as to the plaintiff's burden of proof to sustain a violation of First Amendment rights. The court, however, properly instructed the jury that the plaintiffs were required to make out a *prima facie* case, but even if the plaintiffs met their burden, the County could still rebut the plaintiffs' claim by demonstrating that it would have reached the same employment decision in the absence of the protected conduct. *See Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 603 (5th Cir. 2001) ("Even if speech on a matter of public concern was a substantial or motivating factor in the termination, a defendant may escape liability by demonstrating that it would have taken the same action in the absense of the protected conduct.") (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)); *see also Bd. of County Comm'rs, Wabaunsee Cty., Kan. v. Umbehr*, 518 U.S. 668, 675 (1996). Therefore, the jury instructions were not conflicting or defective.

Collum and Evans argue next that the district court improperly responded to jury inquiries regarding the "audit trial." They claim that "[t]he court could have cleared any confusion on the part of the jury and reasonably responded to the jury's question by explaining that there was an election contest trial and that an Audit Department investigation resulted from that trial, but that there was no actual 'audit trial.'" In fact, this is exactly what the district court did in its response, stating in full

that:

> There is no evidence in the record of an audit trial. There is evidence of an election contest trial which occurred after the Supervisors election contest was filed and which occurred prior to the audit investigation.

A trial judge is given wide latitude in deciding how to respond when a jury expresses confusion or difficulty over an issue. *See United States v. Stevens*, 38 F.3d 167, 169-70 (5th Cir. 1994). "When evaluating the adequacy of supplemental jury instructions, we ask whether the court's answer was reasonably responsive to the jury's question and whether the original and supplemental instructions as a whole allowed the jury to understand the issue presented to it." *Id*. at 170. We find the district court's supplemental jury instruction was proper.

Finally, the remaining claims raised by Collum and Evans involve damages, including that the district court erred in (1) improperly responding to the jury's inquiry about what relief plaintiffs could be awarded and who awarded it and (2) ruling that the decision whether to reinstate a public employee under the Mississippi whistleblower statute is within the discretion of the court. The district court instructed the jury that "in the event your decision is for the [County] on all claims there is nothing further to be done." Since the jury found no liability, the County was not responsible for damages. Therefore any error by the district court in responding to the jury's inquiries is moot.

For the foregoing reasons, the orders appealed from are AFFIRMED.